UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

THERESA A. PACE     CIVIL ACTION NO. 1:18-CV-00005

VERSUS     JUDGE DRELL

LOWES HOME CENTERS, L.L.C.     MAGISTRATE JUDGE PEREZ-MONTES

## SUA SPONTE JURISDICTIONAL REVIEW BRIEFING ORDER

Before the Court is a Complaint removed from a Louisiana state court by Defendant Lowe's Home Centers, L.L.C. ("Lowe's") (Doc. 1). Defendant premises federal jurisdiction on diversity of citizenship.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th

Cir. 1988).  In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. Coury v. Prot, 85 F.3d 244, 249 (5th Cir.1996).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain.  See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).  A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014).  The citizenship of a general partnership depends on that of all partners.  See Int'l Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997).  The citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity is determined by the citizenships of all its members.  See Harvey, 542 F.3d at 1079-80.

Defendant alleges that Plaintiff Theresa A. Pace is a citizen of Louisiana.

Defendant further alleges that Lowe's is "incorporated" and has its principal place of business in North Carolina.  However, Lowe's is a limited liability company. Defendant has not alleged the names and citizenships of all members of that limited liability company.

Accordingly, diversity of citizenship at the time of removal is not clear from the pleadings.  Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon all parties to this action IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, no later than **21 days** from service of this Order, Defendant Lowe's shall file: (1) a Jurisdictional Memorandum setting forth the identity and citizenship of each member in the Lowe's limited liability company; and (2) a motion for leave to amend the jurisdictional allegations of the Notice of Removal to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that Plaintiff will be allowed **7 days** from receipt of Defendants' memorandum regarding jurisdiction to file a Response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 17th day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge